**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

FILED

MAR 30 2012

CLERK U.S. DISTRICT COURT

DAVID MAURICE JONES,

      Petitioner,

v.                                                      CASE NO. 2:11cv413

KEITH W. DAVIS, Warden,

      Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.  For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

The petitioner, David Maurice Jones, was convicted in the Circuit Court for the City of Alexandria of attempted rape, attempted sodomy, and aggravated sexual battery on February 4, 2004.  He was subsequently sentenced on May 13, 2004, to serve a term of forty years in prison, with sixteen years suspended, resulting in a total active

sentence of twenty-four years imprisonment.  Jones filed a petition
for appeal with the Court of Appeals of Virginia, which was denied
on the merits on March 15, 2005.  Jones filed a petition for appeal
with the Supreme Court of Virginia, which was refused summarily on
September 7, 2005.

On July 27, 2006,[1] Jones filed a petition for a writ of habeas
corpus in the Circuit Court of the City of Alexandria.  The court
dismissed this initial state habeas petition on April 14, 2009.
Jones did not appeal this decision.[2]

On September 1, 2009, Jones filed a second state petition for
a writ of habeas corpus in the Supreme Court of Virginia.  The court
dismissed this second petition as untimely on November 3, 2009.

On March 28, 2011,[3] Jones filed a third state petition for a writ

---

[1] While this initial state habeas petition is marked as having
been received and filed by the circuit court on August 3, 2006, the
petition appears to have been executed and mailed on August 1, 2006.
The record transmitted from the Circuit Court of the City of
Alexandria does not include the postmarked envelope in which Jones's
initial state habeas petition was delivered, but this Court will
assume, without finding, that the petition was "deposited in the
institution's internal mail system with first-class postage prepaid"
on the date stated on the cover letter that accompanied the petition.
See Va. Sup. Ct. R. 3A:25; Austin v. Johnson, No. 2:08cv135, 2009
WL 260482, at *5 n.8 (E.D. Va. Feb. 2, 2009).

[2] Jones filed a timely notice of appeal, but subsequently failed
to file a petition for appeal with the Supreme Court of Virginia.
Jones subsequently filed multiple motions to vacate, each of which
was denied by the Circuit Court.  Jones appealed the most recent of
these motions to the Supreme Court of Virginia, which denied the
motion summarily on February 17, 2011.

[3] While this third state habeas petition is marked as having been

- 2 -

of habeas corpus in the Supreme Court of Virginia.   The court dismissed this third petition as untimely on June 8, 2011.

## B. The Instant Petition

On July 6, 2011,[4] while in the custody of the Virginia Department of Corrections at Greensville Correctional Center, Jones submitted for filing the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.   ECF No. 1.   On October 3, 2011, the respondent filed his Rule 5 Answer, a motion to dismiss accompanied by a supporting brief, and a Roseboro Notice pursuant to Local Rule 7(K). ECF Nos. 11-14.   On October 13, 2011, the petitioner filed his own motion for summary judgment, to which the respondent has not responded.   ECF No. 15.   On October 19, 2011, the Court received and filed the petitioner's response to the respondent's motion to dismiss.   ECF No. 16.

## C. Grounds Alleged

The petition asserts that Jones is entitled to relief under 28

---

received and filed by the Supreme Court of Virginia on March 31, 2011, the petition appears to have been executed and mailed on March 28, 2011.   The record transmitted from the Supreme Court of Virginia does not include the postmarked envelope in which Jones's third state habeas petition was delivered, but this Court will assume, without finding, that the petition was "deposited in the institution's internal mail system with first-class postage prepaid" on the date stated on the final page of the petition.   See Va. Sup. Ct. R. 3A:25; Austin, 2009 WL 260482, at *5 n.8.

[4] The petition was received and filed by the Court on July 21, 2011, but the petition includes a notarized statement that it was deposited in the prison mail system on July 6, 2011, and thus effectively filed that day. See R. 3(d) foll. 28 U.S.C. § 2254.

U.S.C. § 2254 on the ground that the state trial court lacked subject matter jurisdiction to sentence him pursuant to sentencing guidelines adopted in connection with the Violent Offender Incarceration and Truth-in-Sentencing Incentive Formula Grant Program administered by the U.S. Department of Justice. In particular, Jones asserts that his sentencing pursuant to these guidelines violated the separation of powers doctrine under the Virginia state constitution because the state governor allegedly "opted in" to the federal grant program, thereby "encroaching" on the legislative and judicial branches of Virginia's state government.

Jones first raised this claim in his third state habeas petition, which was denied by the Supreme Court of Virginia as untimely.

## II. **ANALYSIS**

Jones contends that he is entitled to a writ of habeas corpus because the Circuit Court of the City of Alexandria lacked subject matter jurisdiction with respect to his sentencing. In particular, Jones contends that the sentencing guidelines used by the state trial court were adopted in violation of the separation of powers doctrine under the Virginia state constitution, namely because they were allegedly adopted pursuant to the governor's unilateral decision to participate in a federal grant program that conditioned the receipt of federal grant monies on a state's adoption and implementation of

certain criminal sentencing standards, among other things.

Whatever the merit of Jones's claim,[5] "[i]t is black letter law that a federal court may grant habeas relief 'only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.'" Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) (quoting 28 U.S.C. § 2254(a)) (alteration in original). "[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The petitioner's separation-of-powers claim is "simply not cognizable on federal habeas review," because, "when pared down to its core," it "rests solely upon an interpretation of Virginia's case law and [constitution]." See id.; see also U.S. ex rel. Roche v. Scully, 739 F.2d 739, 741 (2d Cir. 1984) ("[N]o federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law."), cited in Wright, 151 F.3d at 158. Such a claim, even one that concerns the state trial court's subject matter jurisdiction, "must fail unless [the petitioner] can demonstrate that the state court's

---

[5] In particular, the Court notes that the state sentencing commission that formulated the sentencing guidelines used by the trial court in Jones's criminal case was established by an act of the state legislature, not by executive fiat of the governor. See generally Act of Oct. 13, 1994, 1994 Va. Acts 1 (adopting various truth-in-sentencing provisions) (codified as amended in scattered sections of Titles 17, 18.2, 19.2, and 53.1 of the Virginia Code).

actions resulted in a 'complete miscarriage of justice.'"   See
Wright, 151 F.3d at 158.   Jones has failed to present any evidence
to this Court to suggest that such a miscarriage of justice has
occurred.

Because the only claim asserted by the petitioner is not
cognizable on federal habeas review, the Court does not reach the
respondent's affirmative defenses, in which he asserts that the
petitioner's claim is barred either by the applicable statute of
limitations or by procedural default.[6]

## III. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that Jones's
petition for a writ of habeas corpus (ECF No. 1) be DENIED, that the
respondent's motion to dismiss (ECF No. 11) be GRANTED, that Jones's
motion for summary judgment (ECF No. 15) be DENIED, and that all of
Jones's claims be DISMISSED WITH PREJUDICE.

Jones has failed to demonstrate "a substantial showing of the
denial of a constitutional right."   28 U.S.C. § 2253(c)(2).
Therefore, it is recommended that the Court decline to issue any
certificate of appealability pursuant to Rule 22(b) of the Federal

---

[6] The Court notes, however, that the instant petition was
submitted for filing on July 6, 2011, see R. 3(d) foll. 28 U.S.C.
§ 2254, more than five years after his judgment of conviction became
final.   Even accounting for statutory tolling during the extended
period when his initial state habeas petition remained pending before
the Circuit Court of the City of Alexandria, see 28 U.S.C.
§ 2244(d)(2), his federal petition appears to have been filed nearly
two years after the limitation period expired.

Rules of Appellate Procedure.  See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

## IV. <u>REVIEW PROCEDURE</u>

By copy of this report, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.  A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof.  <u>See</u> Fed. R. Civ. P. 72(b)(2)

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140, 153-54 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433, 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 30, 2012

<u>CLERK'S MAILING CERTIFICATE</u>

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

David Maurice Jones, #1078915
Deerfield Correctional Center
21360 Deerfield Drive
Capron, Virginia 23829

Donald Eldridge Jeffrey, III, Esq.
Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219

Fernando Galindo,
Clerk of Court

By:  _____
Deputy Clerk

March 30 , 2012

- 9 -