**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

FILED
MAY 9 2012
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

DAVID MAURICE JONES,

    Petitioner,

v.                                                      Case No.: 2:11cv413

KEITH W. DAVIS, Warden,

    Respondent.

**FINAL ORDER**

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to the petitioner's conviction in the Circuit Court of the City of Alexandria, Virginia, for attempted rape, attempted sodomy, and aggravated sexual battery, as a result of which he was sentenced to serve a term of forty years in prison, with sixteen years suspended.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on March 30, 2012, recommending that the petition be denied and dismissed with prejudice. ECF No. 17. By copy of the report, each party was advised of his right to file written objections to the findings

and recommendations made by the magistrate judge. On April 11, 2012, the Court received and filed the petitioner's written objections. ECF No. 18. The respondent filed no response to the petitioner's objections.

First, the petitioner has objected to the fact that the magistrate judge issued his report without first holding an evidentiary hearing. The petitioner did not file a separate motion for an evidentiary hearing, but his petition and his response to the motion to dismiss each included a perfunctory request for a hearing, without any support or further elaboration. The magistrate judge's report denied these oblique requests for a hearing sub silentio. See Chalwest (Holdings) Ltd. v. Ellis, 924 F.2d 1011, 1012 (11th Cir. 1991). Because the petitioner "failed to forecast any evidence beyond that already contained in the record, or otherwise to explain how his claim would be advanced by an evidentiary hearing," his request for an evidentiary hearing was necessarily denied. See Robinson v. Polk, 438 F.3d 350, 368 (4th Cir. 2006) (quoting Cardwell v. Greene, 152 F.3d 331, 337 (4th Cir. 1998), overruled on other grounds by Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)). See generally Green v. Johnson, 431 F. Supp. 2d 601, 609-09 (E.D. Va. 2006) (stating the standard of review for evidentiary hearings in the § 2254 habeas context). Accordingly, this objection by the petitioner is OVERRULED.

Second, the petitioner has objected to the magistrate judge's finding that the petitioner failed to establish a "complete miscarriage of justice." See Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998). The petitioner argues, in conclusory fashion, that the prosecution's "failure to comply with procedural requirements of [a Virginia] statute constituted [a] fundamental defect, which inherently results in a complete miscarriage of [j]ustice." Pet'r's Objections ¶ 7, ECF No. 18. But beyond this recitation, the petitioner articulates no facts or legal arguments to suggest that a complete miscarriage of justice actually occurred. See Hailey v. Dorsey, 580 F.2d 112, 115 (4th Cir. 1978) ("A nonconstitutional procedural error must somehow be shown to be a violation of the [petitioner]'s most fundamental rights, else it does not fall within the scope of 28 U.S.C. § 2254."); Baker v. United States, No. 3:10cv762, 2011 WL 3841690, at *12 (E.D. Va. Aug. 30, 2011) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); see also Brown v. Allen, 344 U.S. 443, 458 n.6 (1953) ("As the burden of overturning the conviction rests on the applicant, he should allege specifically, in cases where material, the uncontroverted evidentiary facts appearing in the record upon which is based his allegation of denial of constitutional rights."). Accordingly, this objection by the petitioner is OVERRULED.

The remainder of the petitioner's written objections simply reiterate facts and arguments on the merits of his single claim, which is not cognizable on federal habeas review. Accordingly, the petitioner's remaining objections are OVERRULED.

The Court, having reviewed the record, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on March 30, 2012 (ECF No. 17), and it is, therefore, ORDERED that the respondent's motion to dismiss (ECF No. 11) be GRANTED, that the petitioner's motion for summary judgment (ECF No. 15) be DENIED, and that the petition (ECF No. 1) be DENIED AND DISMISSED WITH PREJUDICE for the reasons stated in the report. It is further ORDERED that judgment be entered in favor of the respondent.

The petitioner may appeal from the judgment entered pursuant to this <u>final order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. The petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

- 5 -

The Clerk shall mail a copy of this Final Order to the petitioner and to counsel of record for the respondent.

/s/ *signature*

Mark S. Davis
United States District Judge

_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

May 8, 2012